UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN RICE,

    Plaintiff,                      CIVIL ACTION NO. 09-10571

vs.                            DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                   MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed applications for Social Security Disability income benefits (DIB) and Supplemental Security Income (SSI) benefits on November 3, 2005, alleging that she had been disabled and unable to work since October 24, 2005, at age 51, due to back and right arm pain, insomnia, headaches and mental psychosis. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on March 3, 2008, before Administrative Law Judge (ALJ) Roy Roulhac. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of simple, light work that did not expose her to unprotected heights or moving machinery. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have

filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 54 years old at the time of the administrative hearing (TR 253). She had been graduated from high school, and had been employed during the relevant past as a school bus driver and special education bus monitor (TR 103, 305-306). As a school bus driver, Plaintiff sat for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 20 pounds on a regular basis (TR 69). Claimant stopped working in October 2005, due to incapacitating migraine headaches, anxiety and chronic confusion (TR 283-284). Medications taken for these conditions proved ineffective, and they caused her to become easily fatigued (TR 286, 299). While the claimant had never been hospitalized for depression (TR 287), she was unable to come to work in a timely fashion on a regular basis due to her mental problems (TR 301-302).

A Vocational Expert, John Stokes, classified Plaintiff's past work as light to medium, unskilled and semi-skilled activity, which did not impart any transferable skills (TR 306). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 307). If she were capable of light work, however, there were numerous unskilled receptionist, information clerk and telephone quotation jobs that she could still perform with minimal vocational adjustment[2] (TR 307). These simple, routine jobs

---

[1] The witness testified that claimant's alleged inability to lift more than 10 pounds would preclude all work activity (TR 307).

[2] The Vocational Expert classified these jobs at the sedentary exertional level (TR 307). If someone can do light work, the Commissioner will also find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404. 1567(b) (2009). Plaintiff had no trouble sitting for extended periods, and she had no problems with dexterity.

required only occasional climbing, balancing, stooping, kneeling, crouching and crawling. They did not expose workers to unprotected heights or moving machinery (TR 306).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of back and right arm pain, headaches, insomnia, hypothyroidism and a schizo-affective disorder, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring her to lift more than 20 pounds, and from work involving frequent crouching, crawling, stooping, climbing or balancing. The Administrative Law Judge also restricted claimant from jobs that exposed her to unprotected heights or moving machinery. Nevertheless, the Administrative Law Judge found that Ms. Rice retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions

of credibility. See <u>Brainard v. Secretary</u>, 889 F.2d 679, 681 (6th Cir. 1989); <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. <u>Kirk</u>, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration her mental functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record[3] did not confirm the disabling nature of her joint pain or mental disorder.

<u>DISCUSSION AND ANALYSIS</u>

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of unskilled,

---

[3] In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. <u>Cotton v. Sullivan</u>, 2 F.3rd 692 (6th Cir. 1993); <u>Casey v. Secretary</u>, 987 F.2d 1230, 1233 (6th Cir. 1993); <u>Wyatt v. Secretary</u>, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 263-275) was not considered by the undersigned.

light jobs that did not expose her to unprotected heights or moving machinery. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a disabling mental disorder. Although the Administrative Law Judge found the presence of a mental impairment identified in the A criteria (psychotic disorder), the evidence failed to establish significant functional limitations identified in the four categories of the "B" criteria[4].

The evidence of record shows that Plaintiff remains capable of performing a variety of daily activities and that she is able to communicate effectively with others.[5] Dr. Edward Czarnecki, a reviewing state agency psychiatrist, reported in February 2006, that the claimant had only mild restrictions in activities of daily living (TR 115). The assessment was based, in part, on Plaintiff's statement that she was able to care for herself, perform household chores, go shopping, attend weekly church services and prepare meals (TR 81-84). While Plaintiff allegedly had difficulty interacting with others, she maintained that a lack of energy, not mental problems, prevented her from socializing more often (TR 85). Given this evidence, the Administrative Law Judge reasonably determined that claimant's daily activities and social functioning were, at most, moderately restricted.

---

[4]The also ALJ found that the evidence failed to establish the presence of "paragraph C" criteria of Listings 12.03 or 12.04. The ALJ determined that the claimant did not have a medically documented history of chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years duration that prevented her from performing basic work activities (TR 24).

[5]The first area of the B criteria, known as "activities of daily living", includes cleaning, shopping, cooking, maintaining a residence, using the telephone and caring for one's grooming and hygiene. The second area, social functioning, refers to an individual's capacity to interact appropriately and communicate effectively with others, including family, friends and merchants.

While Plaintiff alleged that her mental condition interfered with her memory and ability to concentrate,[6] she also indicated that she was able to read, watch television and care for her pet dog (TR 85, 89). The ability to care for an animal, read and watch televison stands in sharp contrast to her allegation that she suffered from a complete inability to concentrate. Treating physicians at Henry Ford Hospital reported in February 2007, that Plaintiff was well oriented, logical and goal directed. Sensorium and cognition were said to be intact, and her judgment was not impaired (TR 218, 220, 231). Moreover, Dr. Sarah Zamari, a treating physician, indicated in May 2006, that Plaintiff's insight and judgment were normal, and that her memory was intact (TR 171). The treating doctor added that the claimant was not psychotic, as her speech and behavior were normal (TR 171). Furthermore, the claimant's ability to read, perform household chores and care for her pet dog suggests that she retained at least a minimal level of concentration as would be required in performing the unskilled jobs identified by the Vocational Expert.

The last area of function under the "B" criteria is deterioration or decompensation in work or work-like settings, which refers to the "repeated failure to adapt to stressful circumstances which cause the individual either to withdraw from that situation or to experience exacerbation of signs or symptoms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4). Dr. Czarnecki indicated in February 2006, that the claimant could maintain socially appropriate behavior, set realistic goals, and make plans independently of others (TR 120). The doctor added that Plaintiff could make simple, work-related decisions, and

---

[6]The third area of function evaluated under the "B" criteria is concentration, persistence, and pace, which refers to the "ability to sustain focused attention sufficiently long to permit the timely completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

independently perform routine, repetitive tasks. Claimant reportedly had the capacity to understand, remember and carry out short, simple instructions (TR 119). The claimant has never been hospitalized for treatment of a mental disorder (TR 287)

The claimant's mental condition was no doubt exacerbated by her joint pain, hypothyroidism and migraine headaches. Each condition has apparently improved with the help of medications to the point of no longer being disabling[7]. The medical evidence also failed to show that the claimant has suffered any episodes of decompensation. Plaintiff's ability to speak in a logical, coherent manner while remaining well organized (TR 171, 218) suggests that she does not suffer disabling anxiety or depression. Furthermore, the types of clerical jobs identified by the Vocational Expert would not cause a great deal of stress. The Administrative Law Judge properly found that the degree of limitation for each of the four B criteria was only moderate and not severe. As a result, Plaintiff did not meet the requirements of the Listing of Impairments.

Plaintiff relies heavily upon the fact that Dr. Zamari described her in March 2008, as being totally disabled (TR 246). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his/her clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Zamari offered little objective evidence to support her conclusion of disability, her

---

[7]Contrary to Plaintiff's assertion, there was no medical corroboration that side effects from the medications required her to nap in order to relieve chronic fatigue.

opinion need not have been given any special weight[8]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that hers testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with

---

[8] The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so. As noted by the Law Judge, the functional limitations identified by Dr. Zamari (problems with sustained concentration, an inability to follow simple directions and poor social interaction) were out of proportion with the objective medical evidence in the record. Furthermore, there was nothing in the treatment notes that would support such limitations (TR 26).  Indeed, it appears the doctor's statements were based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

**8**

her significant impairments, the Vocational Expert testified that there were numerous unskilled bus attendant, receptionist, information clerk and telephone quotation jobs that she could still perform with minimal vocational adjustment (TR 307). These simple, routine jobs required only occasional climbing, balancing, stooping, kneeling, crouching and crawling. They did not expose workers to unprotected heights or moving machinery (TR 306). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: September 17, 2009

_____

**CERTIFICATE OF SERVICE**

I hereby certify on September 17, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 17, 2009: **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217